# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICO ISAIH HAIRSTON,**

    **Plaintiff,**

                                      Civil Action 2:18-cv-1253
                                      Chief Judge Edmund A. Sargus, Jr.
    v.                                  Magistrate Judge Chelsey M. Vascura

**ANDREW FULTZ,** *et al.***,**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an Ohio inmate who is proceeding without the assistance of counsel, brought this action against Defendant Andrew Fultz, a corrections officer at Corrections Reception Center ("CRC"), where Plaintiff was previously incarcerated. Following the initial screen of Plaintiff's Complaint, the undersigned concluded that Plaintiff could proceed on his First and Eighth Amendment claims arising from Defendant Fultz's alleged use of mace. Defendant Fultz subsequently filed a Motion to Dismiss (ECF No. 16), and Plaintiff timely filed an Amended Complaint, rendering the Motion to Dismiss **MOOT**. In his Amended Complaint, Plaintiff again advances individual capacity First and Eighth Amendment claims against Defendant Fultz and also adds a retaliation claim against Defendant Shelbie Smith, the CRC Warden, arising from his transfer to another corrections facility. This matter is before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also*

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

For the reasons that follow, it is **RECOMMENDED** that Plaintiff be permitted to proceed on his individual capacity First and Eighth Amendment claims arising from Defendant Fultz's alleged use of mace. It is further **RECOMMENDED** that Plaintiff's claims against Defendant Warden Smith be **DISMISSED** for failure to state a claim pursuant to pursuant to § 1915(e)(2).

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>     \*    \*    \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"

*Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II.

In his Amended Complaint, Plaintiff alleges that on August 1, 2018, while incarcerated at CRC, he applied for protective custody because Defendant Fultz, other CRC staff, and fellow inmates were harassing him. He alleges that Defendant Fultz harassed him because he had filed informal complaints against him and other staff. Plaintiff further alleges that Defendant Fultz told others about a case he had filed and encouraged them to attack Plaintiff. According to Plaintiff, on August 16, 2018, when he asked Defendant Fultz to accept his informal grievance, Defendant Fultz responded by opening his food trap/port and spraying him with an entire can of mace. Plaintiff alleges that Defendant Fultz yelled at him to "write that up" as Plaintiff was being escorted to receive medical care. (Am. Compl. ¶ 15, ECF No. 19.)

Plaintiff alleges that he learned the next day that Defendant Warden Shelbie Smith had approved his request for protective custody. On August 17, 2018, Plaintiff filed an informal complaint against Defendant Fultz. Plaintiff alleges that he was told on August 30, 2018, that he was being transferred to another institution. Thereafter, Plaintiff was transferred to Toledo Correctional Institution ("TCI"), where he is currently incarcerated. In his Amended Complaint he asserts that Defendant Warden Shelbie Smith transferred him to TCI in retaliation for his filing of the informal complaint against Defendant Fultz.

Plaintiff advances individual capacity First and Eighth Amendment claims against Defendant Fultz arising from his alleged use of mace and a First Amendment claim against Defendant Smith based upon her decision to transfer him to TCI.

4

It is **RECOMMENDED** that Plaintiff be permitted to proceed on his individual capacity First and Eighth Amendment claims arising from Defendant Fultz's alleged use of mace.

It is further **RECOMMENDED** that Plaintiff's First Amendment retaliation claim against Defendant Smith be **DISMISSED**. A retaliation claim entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). As to the adverse action element, courts recognize that, "since there is no justification for harassing people for exercising their constitutional rights [the effect on freedom of speech] need not be great in order to be actionable." *Mezibov v. Allen*, 411 F.3d 712, 721 (6th Cir. 2005) (quoting *Thaddeus-X* at 397 and *Bart v. Telford,* 677 F.2d 622, 625 (7th Cir. 1982)). "Nevertheless, since § 1983 is a tort statute, we must be careful to ensure that real injury is involved, lest we 'trivialize the First Amendment' by sanctioning a retaliation claim even if it is unlikely that the exercise of First Amendment rights was actually deterred." *Mezibov*, 411 F.3d at 721 (quoting *Thadeus-X*, 175 F.3d at 397 and *Bart*, 677 F.2d at 625).

Though the filing of a non-frivolous grievance is protected conducted under the First Amendment, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), Plaintiff has demonstrated neither the required adverse action nor the required causation to maintain a retaliation claim against Defendant Smith.

As to causation, Plaintiff has failed to allege any facts upon which the Court could rely to conclude that Defendant Shelbie transferred Plaintiff to TCI in retaliation for his filing a grievance.

5

Rather, Plaintiff's allegations suggest the opposite inference, that he was transferred based upon *his own request* that he be separated and protected from Defendant Fultz. (*See* Compl. ¶ 17, ECF No. 19 ("On August 17, 2018, I . . . asked to be separated/protected from Defendant Fultz . . . .").) *See also Pasha v. Payton*, No. 18-595, 2019 WL 440573, at *9 (E.D. Ky. Feb. 4, 2019) (dismissing inmate's retaliation claim under § 1915(e)(2) in the absence of allegations supporting causal link between transfer and protected conduct, explaining: "mere correlation does not unequivocally imply causation: courts have stressed that while temporal proximity between the protected conduct and the allegedly retaliatory act may provide indirect evidence of the defendant's motive to retaliate, *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004), it is usually coupled by other indicators of intent, such as a history of antagonism between the parties, *Watson v. Rozum*, 834 F. 3d 417, 422 (3d Cir. 2016), something notably absent here"). Because Plaintiff has failed to sufficiently allege a causal connection between his filing of a grievance and transfer, his retaliation claim against Defendant Smith must be dismissed.

Plaintiff's has likewise failed to allege any facts upon which the Court could rely to conclude that his transfer constituted an adverse action for purposes of a First Amendment claim. The United States Court of Appeals for the Sixth Circuit recently summarized this circuit's authority on whether a transfer can rise to the level of an adverse action as follows:

> Generally, "transfer from one prison to another prison cannot rise to the level of an adverse action because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights," *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 358 (6th Cir. 2006) (quoting *Smith v. Yarrow*, 78 F. App'x 529, 543 (6th Cir. 2003)), and because "transfer is merely an ordinary incident of prison life." *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011). In the context of First Amendment retaliation claims, we have recognized an exception for cases in which "foreseeable, negative consequences 'inextricably follow' from the transfer—such as the prisoner's loss of his high-paying job [to pay for his lawyer] and reduced ability to meet with his lawyer." *Id*. (quoting *Siggers–El v. Barlow*,

> 412 F.3d 693, 701–02 (6th Cir. 2005)). We have not recognized an exception for cases in which the transfer takes a plaintiff further away from friends or family. *See Friedman v. Corr. Corp. of Am.*, 11 F. App'x 467, 471 (6th Cir. 2001) (noting that a transfer to another facility that was further away from visitors was not an adverse action); *but see Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009).

*Smith v. Weers*, No. 17-1504, 2018 WL 2087122, at *4 (6th Cir. Jan. 2, 2018). Here, Plaintiff has failed to allege any facts reflecting that his transfer to TCI involved "foreseeable, negative consequences" that "inextricably follow[ed]" from his transfer. Thus, for this additional reason, Plaintiff's retaliation claim against Defendant Smith must be dismissed for failure to state a claim.

### III.

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 16) is **DENIED AS MOOT**. In addition, it is **RECOMMENDED** that Plaintiff be permitted to proceed on his individual capacity First and Eighth Amendment claims arising from Defendant Fultz's alleged use of mace. It is further **RECOMMENDED** that Plaintiff's claims against Defendant Warden Smith be **DISMISSED** for failure to state a claim pursuant to pursuant to § 1915(e)(2).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE