UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICO ISAIH HAIRSTON,**

        Plaintiff,                      Civil Action 2:18-cv-1253
                                          Judge Sarah D. Morrison
                                          Magistrate Judge Chelsey M. Vascura

    v.

**MR. FULTZ,**

        Defendant.

## OPINION AND ORDER

Plaintiff, Rico Isaih Hairston, an Ohio inmate, brings this action against Defendant, Andrew Fultz, a correctional officer, alleging that Defendant Fultz violated his rights under the First and Eighth Amendments to the United States Constitution. This matter is before the Court for consideration of Plaintiff's Motion to Compel Discovery with Rule 37(a)(1) Good Faith Effort Certification and Request to Hold Counsel in Contempt of Court ("Motion to Compel") (ECF No. 27), Defendant's Response in Opposition (ECF No. 28), and Plaintiff's Reply (ECF No. 29). For the reasons that follow, Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. (ECF No. 27.)

### I.    BACKGROUND

In his Amended Complaint, Plaintiff alleges that on August 1, 2018, while incarcerated at the Corrections Reception Center ("CRC"), he applied for protective custody because Defendant Fultz, other CRC staff, and fellow inmates were harassing him. He alleges that Defendant Fultz harassed him because he had filed informal complaints against him and other staff. Plaintiff further alleges that Defendant Fultz told other inmates about Plaintiff's rape conviction and

about a lawsuit Plaintiff had filed against prison staff and encouraged them to attack Plaintiff. On August 15, 2018, Plaintiff reported that Defendant Fultz had been telling inmates about his case and encouraging them to attack him. According to Plaintiff, on August 16, 2018, when he asked Defendant Fultz to accept his informal grievance, Defendant Fultz responded by opening his food trap/port and spraying him with an entire can of mace. Plaintiff alleges that Defendant Fultz yelled at him to "write that up" as he was being escorted to receive medical care. (Am. Compl. ¶ 15, ECF No. 19.) On August 17, 2018, Plaintiff filed an additional informal complaint against Defendant Fultz. Plaintiff initiated this lawsuit on October 17, 2018. In his Amended Complaint, Plaintiff alleges that Defendant Fultz's actions constitute retaliation in violation of his First Amendment rights and cruel and unusual punishment in violation of his Eighth Amendment rights.

On July 2, 2019, Plaintiff filed the instant Motion to Compel, seeking three categories of documents. (ECF No. 27.) First, Plaintiff requests production of any informal complaints, grievances, appeals, and administrative investigations filed in connection with or against Defendant Fultz by inmates and/or staff during Defendant Fultz's employment as a state prison guard. (Mot. to Compel at p. 2, ECF No. 27.) Next, Plaintiff seeks his own protective custody documents and the complete protective custody report that was approved on August 16, 2018. (*Id.*) Third, Plaintiff seeks camera footage from August 16, 2018, from 10:00 a.m. until 12:30 p.m., of the west range of the T.P.U. unit and T.P.U. reception area. (*Id.* at p. 3.)

Plaintiff certifies that he made several good faith efforts to obtain the requested discovery prior to filing the instant Motion to Compel. (*Id.* at p. 4; *see also* ECF No. 22.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1), which sets forth the permissible scope of discovery, provides:

> **Scope in General**. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). However, revisions to the Federal Rules of Civil Procedure in 2015 "encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26, Advisory Committee Notes to the 2015 Amendment. "The proportionality standard is the instrument by which judges and practitioners are to bring about a change in the culture of discovery, requiring lawyers, with the guidance of involved judges, to 'size and shape their discovery requests to the requisites of a case.'" *Waters v. Drake*, 222 F. Supp. 3d 582, 605 (S.D. Ohio 2016) (quoting Chief Justice Roberts, 2015 Year-End Report on the Federal Judiciary at 7).

"[T]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Guinn v. Mount Carmel Health Sys.*, No. 2:09-cv-226,

2010 WL 2927254, at *5 (S.D. Ohio July 23, 2010) (quoting *Clumm v. Manes*, No. 2:08–cv–567, 2010 WL 2161890 (S.D. Ohio May 27, 2010)); *see also Berryman v. Supervalu Holdings, Inc.*, No. 3:05-cv-169, 2008 WL 4934007, at *9 (S.D. Ohio Nov. 18, 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information." (internal citation omitted)).  However, the burden to demonstrate that the requested discovery would be disproportional to the needs of the case rests with the objecting party.  *Bros. Trading Co. v. Goodman Factors*, No. 1:14-CV-975, 2016 WL 9781140, at *2 (S.D. Ohio Mar. 2, 2016) (Rule 26(b)(1) does not place the burden of addressing proportionality considerations on the requesting party; nor does it permit the opposing party to avoid responding simply by making a boilerplate objection on grounds of proportionality) (quoting Fed. R. Civ. P 26, Advisory Committee Notes (2015)).

### III. DISCUSSION

As set forth above, Plaintiff requests that the Court compel production of three categories of documents.  For the reasons that follow, Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.  (ECF No. 27.)

**A. Informal Complaints, Grievances, Appeals, and Administrative Investigations Filed Against Defendant Fultz by Other Inmates or Staff**

Plaintiff first asks the Court to compel production of any informal complaints, grievances, appeals, and administrative investigations filed in connection with or against Defendant Fultz by inmates and/or staff during Defendant Fultz's employment as a state prison guard.  (Mot. to Compel at p. 2, ECF No. 27.)  Plaintiff asserts that this information is relevant to establishing character evidence and a pattern of willful conduct by Defendant Fultz.  (*Id.*) Defendant objects to this request, asserting that complaints from other inmates are wholly

4

unrelated to Plaintiff's claims and that inmate informal complaints and grievances are deemed confidential under Ohio Administrative Code § 5120-9-31. (Def.'s Resp. in Opp'n at 1, ECF No. 28.)

The Court declines to compel Defendant Fultz to produce *all* informal complaints, grievances, appeals, and administrative investigations filed against him by inmates and/or staff during his employment as a prison guard. Such a request is overbroad because it seeks documents unrelated to Plaintiff's claims in this case. *See*, *e.g.*, *Dyess v. Mullins*, No. 1:16-CV-910, 2017 WL 3838642, at *4–5 (S.D. Ohio Sept. 1, 2017) ("It is unclear how unrelated complaints over the years from other inmates would have any relevance to Plaintiff's specific claims in this case."); *see also Guinn*, 2010 WL 2927254, at *5 ("[T]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.") (citations omitted). Indeed, courts have routinely found complaints and/or grievances from other inmates to be irrelevant to the issues of whether a defendant retaliated or used excessive force against a plaintiff in a specific case. *See, e.g., Tate v. Campbell*, No. 2:00-CV-1041, 2001 WL 1681112, at *5 (S.D. Ohio Sept. 13, 2001) (finding "[c]omplaints by other inmates about defendant Campbell have little or no relevance to plaintiff"s claims against this defendant" for retaliation under the Eighth and Fourteenth Amendments); *Anderson v. Lawless*, No. 1:18-CV-380, 2019 WL 1439991, at *2 (S.D. Ohio Apr. 1, 2019) (finding that "Plaintiff's request for documents relating to other inmates or time periods" were not relevant to his Eighth Amendment claim or First Amendment retaliation claim against defendants in their individual capacities); *Allen v. Eckard*, No. 1:17-CV-996, 2019 WL 1099001, at *3–4 (M.D. Pa. Mar. 8, 2019) (explaining that plaintiff's request for copies of grievances filed by inmates and employees

against defendants "are precisely the kinds of sweeping, generalized and overly broad discovery requests judges in the Middle District of Pennsylvania have rejected as being not only overly broad, but unduly infringing upon the privacy interests of other inmates who may have sought to grieve unrelated issues that they had with staff"); *Bryant v. Romero*, No. 112CV02074DADDLBPC, 2016 WL 1222540, at *4 (E.D. Cal. Mar. 29, 2016) (explaining that whether defendant was named in other inmate complaints is irrelevant to the issue of whether he retaliated against plaintiff); *Jones v. Swensen*, No. 14-CV-109-JDP, 2016 WL 5395880, at *2 (W.D. Wis. Sept. 27, 2016) (finding that complaints from other inmates were irrelevant where plaintiff's claims were "based on his theory that [the defendant] retaliated and discriminated against him by either encouraging inmates to threaten him or knowingly ignoring the other inmates' threats"); *King v. Williams*, No. 12-CV-15116, 2015 WL 1966708, at *2 (E.D. Mich. May 1, 2015) (finding that "[c]omplaints about other unrelated incidents that involve other individuals—which may or may not have any validity—are simply not especially relevant to the Kings' [retaliation] cause of action here"); *but see Melendez v. Greiner*, No. 01 CIV.07888 SAS DF, 2003 WL 22434101, at *3 (S.D.N.Y. Oct. 23, 2003) (finding that, "to the extent other inmates' grievances or complaints allege conduct similar to that alleged in the Complaint, and were similarly directed against any of the named defendants, the documents sought may well yield information relevant to the [plaintiff's] claims, and such documents are therefore discoverable"); *Whiteside v. Parrish*, No. 205-CV-280, 2007 WL 2156277, at *5 (S.D. Ohio July 24, 2007) (granting the plaintiff's motion to compel documents related to the disposition of other inmates' complaints/grievances about the storage of legal documents and explaining that "evidence, if any, that similarly situated inmates who did not engage in protected activity were

treated more favorably than plaintiff can be supportive of the causal connection in a claim of retaliation").

The Court, however, finds some merit to Plaintiff's contention that the requested documents will help him establish a "pattern of willful conduct by Defendant," which may be relevant to proving causation for his retaliation claim. (Pl.'s Mot. to Compel at 2, ECF No. 27.) Although Plaintiff is not entitled to *all* complaints and grievances filed by inmates and employees against Defendant Fultz, some of the information he requests is relevant. In order to prove retaliation, Plaintiff must show that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by his protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "Under the causation element of a prisoner's prima facie case for retaliation, the subjective motivation of the decisionmaker is at issue—that is, the plaintiff must show that the decision was motivated, at least in part, by the plaintiff's protected activity." *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). "Circumstantial evidence, like the timing of events or the disparate treatment of similarly situated individuals, is appropriate" in proving a retaliation claim. *Thaddeus-X*, 175 F.3d at 399. Thus, if other inmates complained that Defendant Fultz retaliated against them for filing informal grievances or lawsuits, and those complaints *were resolved in favor of the inmate*, such information may be relevant to prove Defendant Fultz's motivation and/or intent in committing the alleged adverse action against Plaintiff in this case. Documents related to disciplinary actions against Defendant Fultz for engaging in retaliation are likewise relevant. *See Tate*, 2001 WL 1681112,

7

at *5 (finding that "the actual imposition of discipline, as opposed to mere complaints, may be relevant to either plaintiff's claims or defendant Campbell's credibility"). In addition, to the extent any inmate or staff complained that Defendant Fultz told them to attack Plaintiff, such complaints and grievances are relevant and must be produced. Nevertheless, the Court is cognizant of the confidentiality and security concerns associated with producing inmate complaints/grievances to Plaintiff. Accordingly, Defendant Fultz may redact any personal or other identifying information that implicate confidentiality or security concerns.

In summary, to the extent they exist, Defendant is required to produce the following documents: (1) other inmate complaints and/or grievances *that were resolved in favor of the inmate* and assert that Defendant Fultz retaliated due to the inmate filing informal complaints, grievances, or lawsuits; (2) other inmate and/or staff complaints and/or grievances asserting that Defendant Fultz told them to harass Plaintiff; and (3) documents related to disciplinary action against Defendant Fultz for engaging in retaliation. Defendant is **ORDERED** to supplement his response to Plaintiff's request within **THIRTY (30) DAYS** of the date of this Order.

**B.     Protective Custody Report**

Plaintiff next asks the Court to compel production of the complete protective custody report that was approved on August 16, 2018. (Pl.'s Mot. to Compel at 2, ECF No. 27.) Plaintiff contends that this information is relevant because it will prove that he filed complaints against Defendant Fultz before Defendant Fultz retaliated against him. (*Id.*) Defendant Fultz counters that this request is "wholly unrelated to Plaintiff's remaining claim for excessive use of force." (Def.'s Mem. in Opp'n at 1, ECF No. 28.) Contrary to Defendant's contention, the Court allowed Plaintiff to proceed on his Eighth Amendment claim for excessive force *and* his

First Amendment claim for retaliation. Information contained in the protective custody report is relevant to Plaintiff's retaliation claim, as Plaintiff is required to show that he engaged in protected conduct and that Defendant Fultz's alleged adverse action was motivated, at least in part, by Plaintiff's protected conduct. Accordingly, Defendant is **ORDERED** to produce the complete protective custody report within **THIRTY (30) DAYS** of the date of this Order.

**C.     Camera Footage**

Third, Plaintiff seeks camera footage from August 16, 2018, from 10:00 a.m. until 12:30 p.m., of the west range of the T.P.U. unit and T.P.U. reception area. (Pl. Mot. to Compel at p. 3, ECF No. 27.) Defendant asserts that Plaintiff has viewed the only available footage related to the incident. (Def.'s Mem. in Opp'n at 2, ECF No. 28.) Plaintiff acknowledges that Defendant Fultz has produced some video footage of the alleged incident, but asserts that it did not show the use of force or the comments made by Defendant Fultz. According to Plaintiff, an additional camera is visible in the footage he viewed and is pointed toward the incident. (Pl. Mot. to Compel at p. 3, ECF No. 27.) Plaintiff also requests footage of him being escorted into the medical reception area, where Defendant Fultz allegedly yells "Now, write that s*** up." (*Id.*) Plaintiff asserts that Defendant Fultz has not provided an explanation for his failure to produce this footage and seeks sanctions in the event the footage was deleted.

If Plaintiff's contentions are accurate, then Defendant is required to produce video footage from the video camera that faced the incident, as well as any footage that has not previously been produced that shows Plaintiff being escorted to the medical center. To the extent this additional footage exists, Defendant is **ORDERED** to produce it **WITHIN THIRTY (30) DAYS** of the date of this Order. If it does not exist, Defendant is not required to produce it.

*See* Fed. R. Civ. P. 34(a)(1) (requiring a party to produce items "in the responding party's possession, custody, or control"). However, if the footage once existed, but is no longer available, Defendant is **ORDERED** to submit an affidavit explaining why the footage is no longer available.

D. **Plaintiff's Requests for Sanctions and to Hold Defendant Fultz in Contempt**

At this juncture, Plaintiff's motion for sanctions and to hold Defendant Fultz in contempt of Court are **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**. (ECF No. 27.) **WITHIN THIRTY (30) DAYS** of the date of this Order, Defendant is **ORDERED** to produce: (1) other inmate complaints and/or grievances *that were resolved in favor of the inmate* and assert that Defendant Fultz retaliated due to the inmate filing informal complaints, grievances, or lawsuits; (2) other inmate and/or staff complaints and/or grievances asserting that Defendant Fultz told them to harass Plaintiff; (3) documents related to disciplinary action against Defendant Fultz for engaging in retaliation; (4) Plaintiff's complete protective custody report; and (5) any outstanding video footage. To the extent additional video footage once existed but is no longer available, Defendant Fultz is **ORDERED** to submit an affidavit explaining why it is no longer available. Plaintiff's motion for sanctions and to hold Defendant Fultz in contempt of Court are **DENIED**.

**IT IS SO ORDERED**.

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE